IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL FINKE                                    Case No.

    Plaintiff,

v.                                               **JURY TRIAL DEMANDED**

ASSET ACCEPTANCE, LLC.

    Defendant.
_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

### I. Introduction

1. This is an action brought by an individual consumer for damages resulting from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (hereinafter "FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §§ 559.55-559.785 (hereinafter "FCCPA"). Respectively, these laws prevent debt collectors and persons from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, and 1367.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d).

### III. Parties

4. Plaintiff, Michael Finke (hereafter "Plaintiff"), is an individual who resides in the City of Bradenton, County of Manatee, State of Florida, and is a "consumer" as that term is

defined by 15 U.S.C. § 1692a(3) and F.S.A. § 559.55(2), and is also a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant, Asset Acceptance, LLC (hereinafter "Asset"), is a limited liability company, organized under the laws of the State of Delaware, with its principal place of business located at 28405 Van Dyke Avenue, Warren, Michigan 48903; Defendant Asset is a "debt collector," as that term is defined under 15 U.S.C. § 1692a(6) and F.S.A. § 559.55(6), as it regularly collects, or attempts to collect, debts alleged to be due to another, and is also an "out-of-state consumer debt collector," as that term is defined by F.S.A. § 559.55(8), as its business activities in this state involve both collecting or attempting to collect consumer debt from debtors located in this state by means of interstate communication originating from outside this state.

### IV. Factual Allegations

6. On or about June 20, 2010 Plaintiff noticed that his checking account balance was completely empty, although he believed there to be approximately $1,500.00 in the account.

7. Plaintiff immediately called his financial institution, Bank of America (hereinafter "BoA") to inquire as to why there were no funds available in the account.

8. BoA's representative disclosed that a garnishment had been placed against his account but was unable provide the exact reason for the garnishment.

9. The representative provided Plaintiff with a phone number, (866) 580-4718, ext. 2677, for Plaintiff to call the next day, as, at the time, it was late in the evening on Sunday, June 20, 2010.

10. On or about June 21, 2010 Plaintiff called the number provided by the BoA representative and reached a female representative of Defendant Asset, who introduced herself as "Abbey Lane" (hereinafter referred to as "Lane").

11. Plaintiff briefly explained his situation and asked Lane why his bank account had been garnished.

12. Lane explained that the money was garnished from the account as a result of a judgment entered against Bonnie Finke in Manatee County, Florida case number 2004-CC-001024.

13. The 2004 lawsuit was an action stemming from Bonnie Finke's nonpayment of a FIRST USA credit card, an account which was assigned and/or sold to Defendant Asset after it went into default status, and prior to the 2004 lawsuit.

14. The defaulted debt being collected by Defendant Asset in the 2004 lawsuit was incurred for Bonnie Finke's personal, family, or household purposes, and is therefore a "debt" or "consumer debt" as those terms are defined by 15 U.S.C. § 1692a(5) and F.S.A. § 559.55(1).

15. Plaintiff in the instant action, Michael Finke, was not a party to the 2004 lawsuit, nor was he an obligor of the debt which was the subject of that prior lawsuit.

16. Lane explained that the bank account was garnished because the judgment-debtor, Bonnie Finke, was a co-owner of the BoA account.

17. Plaintiff advised Lane that Bonnie Finke is his cousin who lived with him years ago; though, she no longer does.

18. Plaintiff further advised Lane that Bonnie Finke was added to the bank account as a requisite by the Social Security Administration; however, she has never deposited any of her own money in the account.

19. Moreover, Plaintiff explained that the money in the account at the time it was garnished was his Social Security-Disability income only, and that it was needed that very day to purchase medication and to pay his mortgage.

20. Finally, Plaintiff explained that he does not owe the money to Defendant Asset and Defendant has no right to the money in his bank account.

21. Lane replied that, if Plaintiff provided her with an address and telephone number where Defendant Asset could contact Bonnie Finke, then Defendant Asset would "consider" returning his money.

22. Plaintiff explained that he has no idea where Bonnie Finke may be and, even if he did know, he had no obligation to provide that information to Defendant Asset.

23. Lane refused to release the garnishment on the account.

24. On or about June 29, 2010 Plaintiff attended a hearing before the Honorable Robert A. Farrance, explaining his situation to the court.

25. The court agreed that the money was improperly garnished, and on or about June 29, 2010 an order was signed granting Plaintiff's claim of exemption and dissolving the writ. *Please see attached "Exhibit A"*

26. It is alleged that Defendant Asset already had actual knowledge regarding Plaintiff's income consisting of only social security as, in a document filed in case number 2004-CC-001024 with the Manatee County Court on or about April 5, 2004, Plaintiff, though not a party to the action, filed an "Answer" advising Defendant Asset and the court that:

    a. it was his wife who was served with process, not Bonnie Finke;

    b. Bonnie Finke does not reside at his house and he is unaware of her whereabouts; and

    c. that his only source of income was Social Security. *A copy of this "Answer" is attached hereto as "Exhibit B"*

27. As a result of Defendant Asset's refusal to voluntarily dissolve the writ of garnishment upon notice that Plaintiff's account was funded with nothing but Social Security funds, Plaintiff's account did not have enough funds to cover payments which were previously made by Plaintiff to pay his mortgage company and doctor.

28. Defendant's unfair and deceptive "offer" to return Plaintiff's Social Security-Disability income only after he provided location and contact information for his cousin, when Plaintiff was under no obligation whatsoever to comply with Defendant's request and Defendant's right to do so did not even exist, was violative of the FDCPA and FCCPA.

29. As a result of Defendant's actions and/or omissions, Plaintiff suffered from actual damages in the forms of negative feelings and emotions, such as great stress and fear over whether he would have an ability to pay for his medication, extreme feelings of anger and frustration towards Defendant for its attempt to extort information from him regarding his cousin's whereabouts, and embarrassment and financial losses resulting from the "bounced" payments to his doctor and mortgage company.

### First Claim for Relief
### FDCPA Violation
### Michael Finke v. Asset Acceptance, LLC

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 29.

30. Defendant's actions were performed with the intent to coerce payment of a defaulted consumer debt.

31. All acts or omissions of the employees/agents of Defendant Asset were performed within the scope of their respective employment/agency, thus subjecting Defendant to vicarious liability for these acts under the doctrine of respondeat superior.

32. The foregoing acts and omissions of Defendant constitute numerous and several violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692e generally, 1692e(5), 1692e(10), 1692f generally, and 1692f(1)(2).

33. As a result of the above violations of the FDCPA, Plaintiff is entitled to a declaratory judgment that Defendant's conduct violated the FDCPA, and recovery for actual damages, statutory damages, and attorney's fees and costs.

### Second Claim for Relief
### FCCPA Violation
### Michael Finke v. Asset Acceptance, LLC

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 29.

34. Defendant's actions were performed with the intent to coerce payment of a defaulted consumer debt.

35. All acts or omissions of the employees/agents of Defendant Asset were performed within the scope of their respective employment/agency, thus subjecting Defendant to vicarious liability for these acts under the doctrine of respondeat superior.

36. The foregoing acts and omissions of Defendant and its agents constitute violations of F.S.A. §§ 559.72(7) and 559.72(9).

37. As a result of Defendant's violation of the FCCPA, Plaintiff is entitled to an adjudication that Defendant's conduct violated the FCCPA and recovery for actual damages, statutory damages, punitive damages, and attorney's fees and costs.

## V. Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment against Defendant for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and FCCPA;

b. Adjudications that Defendant's acts were in violation of the FCCPA;

c. Actual damages, pursuant to 15 U.S.C. § 1692k(1) and F.S.A. § 559.77(2);

d. Statutory damages, pursuant to 15 U.S.C. § 1692k(2)(A) and F.S.A. § 559.77(2);

e. Punitive damages, pursuant to F.S.A. § 559.77(2);

f. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(3) and F.S.A. § 559.77(2); and

g. Such other and further relief as may be just and proper.

Respectfully submitted, this 17th day of September, 2010.

/s/ Joseph B. Battaglia
G. DONALD GOLDEN, ESQUIRE
Florida Bar No. 0137080
don@brandonlawyer.com
JOSEPH B. BATTAGLIA, ESQUIRE
Florida Bar No. 0058199
joe@brandonlawyer.com
THE GOLDEN LAW GROUP
808-A Oakfield Drive
Brandon, Florida 33511
Telephone: (813) 413-8700
Facsimile: (813) 413-8701
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

/s/ Joseph B. Battaglia
JOSEPH B. BATTAGLIA, ESQUIRE

PLEASE FILE IN COURT FILE

IN THE CIRCUIT COURT, IN AND FOR MANATEE COUNTY
FLORIDA, CIVIL DIVISION

ASSET ACCEPTANCE LLC
    Plaintiff,

vs.

Case No. 2004 CC 1024

BONNIE FINKE
    Defendant(s),

and

BANK OF AMERICA,
    Garnishee.
_____/

CLERK OF THE CIRCUIT COURT
MANATEE CO. FLORIDA
2010 JUN 30 PM 2:36
FILED FOR RECORD
R.B. SHORE

## ORDER GRANTING DEFENDANT'S CLAIM OF EXEMPTION AND DISSOLVING WRIT OF GARNISHMENT

**THIS CAUSE**, having come before the Court on 03/21/05 upon Defendant's Claim of Exemption, and the Court having considered the Claim and the facts and being otherwise fully advised in the premises, it is:

**ORDERED AND ADJUDGED**, as follows:

1. Defendant's Claim of Exemption is hereby GRANTED.

2. Plaintiff's Writ of Garnishment is hereby dissolved.

3. All funds being held by the garnishee shall be released to the Defendant.

4. Plaintiff's $100.00 deposit that was previously deposited into the Court Registry shall be released to the Garnishee's Attorney.

**DONE AND ORDERED** in MANATEE County, FL this 29 day of June 2008.

                              COUNTY COURT JUDGE

9679924
Copies to:
Plaintiff, Asset Acceptance LLC;
BONNIE FINKE, Defendant
9947 CHERRY HILLS AV CIRCLE, BRADENTON, FL 34202;
Ana Diaz Noa, Garnishee's Attorney
PO Box 652112, Miami Florida 33265

Exhibit A

IN THE COUNTY COURT, IN AND FOR MANATEE COUNTY, STATE OF FLORIDA, CIVIL DIVISION

FILED FOR RECORD
R.B. SHORE
2004 APR -5 PM 1:21
CLERK OF CIRCUIT COURT
MANATEE CO., FLORIDA

Manatee County Court
State Of Florida
Civil Division

ASSET ACCEPTANCE LLC

           Plaintiff,

v.

BONNIE FINKE

           Defendant.

No. 2004-CC-001024

ANSWER, AFFIRMATIVE DEFENCES

Case: 2004 CC 001024

## I. ANSWER

Defendant(s) answer the complaint as follows:

I am the husband of the person who was served on the above matter and am answering for my spouse as she is medically ill and unable to answer, nor is competent to answer on her own behalf.

1. Admit the statements contained in paragraph 1 and 4.
2. Unaware of the statement in paragraph 2 as to the plaintiff's status in the State Of Florida.
3. Deny the statements contained in paragraph 3, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 & 18.
4. The person served was not BONNIE FINKE. Bonnie Finke is not my wife, but a relative of mine who formerly resided with us from 1994 to 2001. Her whereabouts at present are not known to me.
5. The court should be made aware that only source of income is Social Security Benefits which are exempt from any judgement.

We therefore ask for a dismissal of this claim as it is not a debt of my wife, my wife is not Bonnie Finke, the incorrect person was served and Bonnie Finke does not reside at this residence any longer.

*Michael Finke*    4/2/04

Exhibit B